United States Bankruptcy Court

Central District of California

In re:

John Carter Doyle

    Debtor

Case No. 25-12932-RB

Chapter 13

# CERTIFICATE OF NOTICE

| District/off: 0973-6 | User: admin | Page 1 of 1 |
|---|---|---|
| Date Rcvd: May 29, 2026 | Form ID: pdf042 | Total Noticed: 1 |

The following symbols are used throughout this certificate:

**Symbol**      **Definition**

+      Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on May 31, 2026:**

| Recip ID | Recipient Name and Address |
|---|---|
| db | + John Carter Doyle, 82557 Lordsburg Drive, Indio, CA 92203-3851 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 31, 2026          Signature:      /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on May 29, 2026 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Christina J Khil | |
| | on behalf of Creditor Wilmington Trust  National Association, not in its individual capacity but solely as Delaware Trustee of SMRF Trust VI-A, and its successors and/or assignees christinao@mclaw.org, CACD_ECF@mclaw.org;mcecfnotices@ecf.courtdrive.com |
| Rod Danielson (TR) | |
| | notice-efile@rodan13.com |
| United States Trustee (RS) | |
| | ustpregion16.rs.ecf@usdoj.gov |

TOTAL: 3

FILED & ENTERED

MAY 29 2026

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY moser      DEPUTY CLERK**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**RIVERSIDE DIVISION**

| | |
|---|---|
| In re:<br><br>JOHN CARTER DOYLE<br><br>              Debtor, | Case No. 6:25-BK-12932-RB<br><br>Chapter 13<br><br>**ORDER DENYING DEBTOR'S MOTION TO RECONSIDER, VACATE, OR MODIFY ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY** |

On May 20, 2026, John Carter Doyle ("Debtor") filed a Motion to Reconsider, Vacate, or Modify Order Granting Relief from the Automatic Stay ("Motion"), ECF Doc. 53.

Fed. Rule. Civ. Proc. 60(b) provides the grounds for relieving a party of a final judgment. Debtor has not satisfied his burden.

On January 21, 2026, a Motion for Relief from the Automatic Stay (Real Property) was filed by creditor Wilmington Trust ("RFS Motion"). ECF Doc. 35. By order entered January 30, 2026, the court approved a stipulation between Debtor and Wilmington Trust to continue the

hearing on the RFS Motion. ECF Doc. 40. No opposition was filed, and the motion was granted at a hearing on March 26, 2026, and an order was entered on March 27, 2026. ECF Doc. 44. The RFS Motion alleges a delinquency of $8,691.14. Even if Debtor had opposed the RFS Motion arguing that he wanted an opportunity to sell the property, relief from stay would have been appropriate because of the delinquency.

Here, Debtor does not demonstrate mistake, inadvertence, surprise, or excusable neglect that warrants reconsideration, nor does he demonstrate that there is any newly discovered evidence. For the foregoing reasons, after reviewing the Motion, the relevant case documents, and the procedural history of the case,

**IT IS ORDERED** that:

1.    the Application is denied.

###

Date: May 29, 2026

Magdalena Reyes Bordeaux
United States Bankruptcy Judge

2